# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60029
Summary Calendar

MODESTO RODOLFO HARVEY GUTIERREZ

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A36 047 452

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Modesto Rodolfo Harvey Gutierrez (Harvey Gutierrez), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) discretionary denial of his application for cancellation of removal and order of removal.

We lack jurisdiction to review the denial of cancellation of removal or the final order of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(C). To the extent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harvey Gutierrez's petition seeks review of these determinations, the petition is dismissed for lack of jurisdiction.

However, we have jurisdiction to consider constitutional claims and questions of law. § 1252(a)(2)(D). For the reasons stated below, Harvey Gutierrez's petition raising such claims and questions is denied.

Harvey Gutierrez's claim that he was denied a full and fair hearing with the facts fully developed is belied by the record and is waived by his failure to raise it below. *See Zhang v. Gonzales*, 432 F.3d 339, 346 (5th Cir. 2005).

Harvey Gutierrez asserts that "the differential treatment of African Caribbean[]s under current immigration policies violates the Equal Protection Provision of the Due Process Clause" and that the BIA acted contrary to law and in violation of due process by failing to consider his pending citizenship application. These conclusional arguments are not adequately briefed and thus are waived. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). We do not construe Harvey Gutierrez's assertion, made without supporting argument or citation to the record, that the BIA should have considered his pending citizenship application as a nationality claim that would require this court's action under 8 U.S.C. § 1252(b)(5).

Harvey Gutierrez has waived any challenge to the BIA's rejection of his late-filed brief by failing to brief the issue adequately and by stating that the BIA "acted reasonably and within its discretion in denying [his] motion to rebuttal government counsel claim." *See Chambers*, 520 F.3d at 448 n.1. To the extent he argues that the BIA failed to address a change-in-law argument, Harvey Gutierrez fails to point to any such argument that he raised before the BIA.

Although he contends that "[t]he Immigration Courts acted contrary to law by rendering a decision which failed to consider the hardship factors cumu[la]tively," Harvey Gutierrez does not identify any evidence of hardship that the BIA failed to consider, cumulatively or otherwise. Thus, he has not

shown legal error. To the extent he argues that the BIA erred in balancing the adverse and favorable factors, that is a challenge to the discretionary decision, and we lack jurisdiction to review such a challenge. *See* § 1252(a)(2)(B).

Harvey Gutierrez also contends that the BIA violated procedural due process and abused its discretion by failing to provide a reasoned explanation of its decision. This argument is unsupported by the record. To the extent he argues that he was not informed of, or given a hearing regarding, relief for which he was eligible, this argument is also belied by the record.

Harvey Gutierrez's motion to incorporate by reference the arguments he made in his brief to the BIA is denied. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

PETITION DISMISSED IN PART AND DENIED IN PART; MOTION DENIED.