**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60529
Summary Calendar

BENSON OSAZEE

Petitioner

v.

ERIC J HOLDER, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 431 372

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:*

In 1999, Benson Osazee, a native and citizen of Nigeria, filed an I-485 application for adjustment of status based on an I-130 visa petition filed by his then-wife Selma Osazee (formerly Selma Harris), a United States citizen. Osazee subsequently left the United States and in January 2004 was paroled back into the country to pursue that application. On or about March 26, 2004, his wife, Selma Osazee, withdrew her I-130 petition, and consequently the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Citizenship and Immigration Services (USCIS) denied the adjustment application on or about March 31, 2004. In June 2004 Osazee and his wife Selma divorced. In September 2005 Osazee married Dionne Michelle Tomlinson-Osazee ("Dionne Osazee"), a United States citizen. On November 14, 2005, Dionne Osazee filed a Form I-130 on Osazee's behalf. Also on November 14, 2005, Osazee filed his second I-485 application. The I-130 visa petition was approved on August 24, 2006. On November 13, 2006, the United States Citizenship and Immigration Services (USCIS) denied Osazee's I-485 application for adjustment of status (and likewise denied his May 22, 2006 requested waiver of inadmissability due to his early 1994 presentation of fraudulent documents).

Thereafter, on or about November 20, 2006, the United States Immigration and Customs Enforcement (ICE) initiated removal proceedings against Osazee by filing a Notice to Appear (NTA) with the immigration court in Houston, Texas, charging Osazee with removability as an alien who was inadmissible because he was an intending immigrant without a valid immigrant VISA. 8 U.S.C. § 1182(a)(7)(A)(i)(I). On or about March 15, 2007, Osazee renewed in the immigration court his second I-485 application (i.e., that filed in November 2006) and his referenced May 2006 requested waiver of inadmissibility, seeking to have the immigration judge (IJ) rule thereon. In a hearing on the NTA in late March 2007 Osazee, through counsel, admitted the relevant factual allegations in the NTA and conceded the charged removability.

In April 2007 the ICE moved the IJ to pretermit ruling on Osazee's second I-485 application (that filed in November 2005). In the July 31, 2007 merits hearing on the NTA, the IJ rendered an oral decision, ruling first that Osazee was removable as charged. Then, agreeing with the ICE, the IJ ruled that he (the IJ) lacked jurisdiction to rule on Osazee's second I-485 application for adjustment of status (that filed in November 2005). The IJ thereupon ordered Ozasee removed to Nigeria, and "denied for want of jurisdiction" Ozasee's I-485 application for adjustment of status.

An IJ has jurisdiction to consider an application for adjustment of status filed by an arriving alien placed in removal proceedings if: (1) the alien properly filed the application with USCIS while in the United States; (2) the alien departed from and returned to the United States under an advance grant of parole to pursue "the previously filed application"; (3) USCIS denied the application; and (4) the Department of Homeland Security placed the alien in removal proceedings after the alien returned under parole or after denial of the application. 8 C.F.R. § 1245.2(a)(1)(ii). Osazee contends that the IJ's jurisdiction extends to *any* application for adjustment filed by an arriving alien in removal proceedings, even an entirely new one, so long as the alien filed *an* application before departing the country. Osazee supports this argument by noting that the current regulation omits the term "renewed application" that appeared in its predecessor. We recently rejected this very argument under materially indistinguishable circumstances, relying on the plain language of the regulation to find that an IJ only has jurisdiction to hear a "*previously filed application.*" *See Chambers v. Mukasey*, 520 F.3d 445, 450 (5th Cir. 2008) (quoting 8 C.F.R. § 1245.2(a)(1)(ii)(B)) (emphasis in original). We agree with the Government that *Chambers* is dispositive, and that the IJ correctly determined that he lacked jurisdiction to consider the adjustment application.

Osazee next argues that the regulation is *ultra vires* because it conflicts with 8 U.S.C. § 1255(a), which permits arriving aliens to apply for adjustment of status. Contrary to Osazee's contention, the current regulation does not categorically exclude arriving aliens in removal proceedings from eligibility for adjustment of status; it merely designates the adjudicatory forum for such applications. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251 (11th Cir.), *cert. denied*, 129 S.Ct. 146 (2008). We reject Osazee's argument.[1]

---

[1]*See also* 8 C.F.R. § 245.2 (USCIS jurisdiction unless IJ has jurisdiction under 8 C.F.R. § 1245.2(a)(1)). Moreover, even if we were to accept Osazee's argument, our decision in *Akhtar v. Gonzales* indicates that even a categorical

Finally, we note that Osazee's initial brief failed to cite *Chambers*. In its brief, the Government expressly relied on *Chambers* as controlling and pointed out its omission from Osazee's initial brief. Nevertheless, Osazee filed a reply brief that again failed to address or even acknowledge *Chambers*. We remind counsel of his duty to address controlling precedent.

PETITION FOR REVIEW DENIED.

exclusion would be permissible under 8 U.S.C. § 1255(a). *See* 450 F.3d 587, 594–95 (5th Cir. 2006).