REVISED January 27, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60956
Summary Calendar

MARIA GUADALUPE MENDOZA-MARQUEZ; FERNANDO ALONSO MONTEROSA-MENDOZA; JORGE ALBERTO ALFARO-MENDOZA; EDGARGO ALEXANDER CALERO-MENDOZA,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A098 672 188
A098 672 203
A098 672 208
A098 672 215

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maria Guadalupe Mendoza-Marquez and her three children, Fernando Alonso Monterosa-Mendoza, Jorge Alberto Alfaro-Mendoza, and Edgargo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander Calero-Mendoza, petition this court for a review of the decision of the Board of Immigration Appeals (BIA) which overturned the Immigration Judge's grant of asylum and ordered the petitioners removed to El Salvador. The BIA concluded that the petitioners had not met their burden of demonstrating eligibility for relief because they failed to demonstrate that membership in their family group, which has been targeted by the Mara Salvatrucha gang in El Salvador, constituted membership in a "particular social group" under 8 U.S.C. § 1101(a)(42)(A). The BIA concluded that the petitioners' family lacked the required social visibility to qualify as a particular social group. Accordingly, the BIA concluded that the petitioners had not demonstrated the required nexus between their well-founded fear of persecution and a protected ground.

The Secretary of Homeland Security or Attorney General is authorized, in his discretion, to grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b)(1). An alien is a "refugee" when he is outside of his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42)(A).

The BIA has provided the following factors to consider when determining whether a "particular social group" exists: (1) "whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society" and (2) "whether the group can be defined with sufficient particularity to delimit its membership." In re A-M-E- & J-G-U-, 24 I. & N. Dec. 69, 69 (BIA 2007). A factor in determining social visibility "is whether the members of the group are perceived as a group by society." Matter of S-E-G-, 24 I. & N. Dec. 579, 586 (BIA 2008). The BIA rejected arguments that "persons resistant to gang membership" and "[Salvadoran] youths who have resisted gang recruitment, or family members of such Salvadoran youth" constitute social groups, after determining that the proposed groups lacked the

required social visibility. In re E-A-G-, 24 I. & N. Dec. 591, 594 (BIA 2007); S-E-G-, 24 I. & N. Dec. at 582, 587. We will defer to the BIA's construction of a statute that it administers if the BIA's interpretation is reasonable. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-44 (1984).

The petitioners argue that their family membership places them in a particular social group because their family membership is an immutable trait. The BIA's holding did not rest on a finding regarding the proposed group's immutability. The petitioners do not address the issue of social visibility or any of the administrative cases cited by the BIA in its analysis of the subject. The petitioners have therefore failed to meaningfully challenge the BIA's conclusion that membership in their family does not constitute membership in a "particular social group" for asylum. Conclusional and inadequately briefed arguments are waived. See Chambers v. Mukasey, 520 F.3d 445, 448 n.1 (5th Cir. 2008); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Even if we consider the petitioners' argument, it lacks merit. The petitioners have not demonstrated membership in a particular social group or that the BIA's interpretation of that term is unreasonable. See Ramos-Lopez v. Holder, 563 F.3d 855, 859-62 (9th Cir. 2009); Santos-Lemus v. Mukasey, 542 F.3d 738, 745-47 (9th Cir. 2008). The petition for review is DENIED.