# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2013

No. 12-60846
Summary Calendar

Lyle W. Cayce
Clerk

JESUS ROBERTO CANA-CORONADO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 415 741

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Roberto Cana-Coronado, a native and citizen of Mexico, was ordered removed on the grounds he had entered this country without applying for admission and had been convicted of a crime involving moral turpitude, namely the Texas offense of burglary of a habitation. He petitions for review of both the dismissal of his appeal to the Board of Immigration Appeals (BIA) and its denial of his motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cana maintains the BIA applied the incorrect legal standard when it determined his crime was particularly serious, precluding his eligibility for withholding of removal. Such legal issues are reviewed *de novo*, according deference to the BIA's interpretation of immigration statutes. *Hakim v. Holder*, 628 F.3d 151, 153 (5th Cir. 2010).

An alien seeking withholding of removal may not be granted such relief if, "having been convicted by a final judgment of a particularly serious crime[, the alien is] a danger to the community of the United States". 8 U.S.C. § 1231(b)(3)(B). The BIA can "find some crimes to be per se particularly serious, without needing to examine the individual circumstances of the crime". *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007) (citing *Hamama v. INS*, 78 F.3d 233 (6th Cir. 1996)). Generally, however, "the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction" are considered. *Id.* Once a court finds an alien committed a particularly serious crime, the court need not determine whether the alien is a danger to the community. *Id.* Also, the length of the sentence is not the most accurate or salient factor. *Id.* at 343.

In the instant matter, the BIA referred to the relevant factors as set forth in *N-A-M-*. The BIA noted that, under § 30.02(a)(1) of the Texas Penal Code, a person commits burglary if he "enters a habitation, or a building" with the intent to commit theft, and it concluded that burglary of a habitation, to which Cana pleaded guilty, carries an inherent risk of violence. We do not require the BIA to individually consider each factor before deciding a crime is particularly serious. *See Hakim*, 628 F.3d at 154. The BIA applied the correct legal standard. *See id.* at 154-55.

Cana also maintains the BIA erred when it refused to consider the contentions, raised in his motion for reconsideration, that his deferred adjudication was not a final judgment and that the deferred adjudication precluded finding he was a danger to the community. The BIA's denial of a

2

motion for reconsideration is reviewed under a highly-deferential abuse-of-discretion standard, and we "will not disturb the BIA's discretion so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008) (citation and internal quotation marks omitted). "[A] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied". *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (citation and internal quotation marks omitted).

Cana could have raised these contentions in his initial appeal to the BIA. The BIA's refusal to reach, on reconsideration, the newly raised legal arguments was not an abuse of discretion. (To the extent Cana also contends the BIA erred in refusing to consider his deferred adjudication in its particularly-serious-crime analysis, the BIA ruled it had considered the nature of the crime and the individual circumstances of the case. Moreover, as noted, the BIA was not required to consider each factor before reaching its decision. *See Hakim*, 628 F.3d at 154.)

DENIED.