# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2014

Lyle W. Cayce
Clerk

No. 13-60361
Summary Calendar

ROBERTO HERNANDEZ HERNANDEZ, also known as Roberto Hernandez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 723 016

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Roberto Hernandez Hernandez, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his application for withholding of removal. Hernandez argues that he is entitled to withholding of removal because substantial evidence supports his claim that he would likely be persecuted if he returned to Mexico.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60361

We generally have authority to review only the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). However, where, as here, the BIA affirms the IJ's decision without opinion, we review the factual findings and legal conclusions of the IJ. *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004). Hernandez asserts merely that he claims persecution based on his status as a member of a particular social group. However, he does not address the IJ's determination that profitable farmers and their families did not meet the standards of a particular social group because the proposed group did not possess the requisite social visibility or particularity. Nor does he address the IJ's conclusion that even if profitable farmers and their families constituted a particular social group and he was a member, he still could not demonstrate a particularized connection between the feared persecution and the identifying characteristics of the group because any harm suffered by his family was motivated by criminal activity rather than individual membership in the group.

Hernandez's counseled brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Furthermore, Hernandez's failure to challenge the IJ's specific bases for denying his application for withholding of removal constitutes an abandonment of those issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, we need not address Hernandez's contentions because he has waived his appeal. *See id.*; *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Hernandez's petition for review is DENIED.