# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

No. 14-60460
Summary Calendar

MILTON  DEJESUS  CARCAMO-CAMPOS,  also  known  as  Milton  Dejesus
Carcamo, also known as Milton Carcamo, also known as Milton Campos,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 065 615

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Milton De Jesus Carcamo-Campos, a citizen of El Salvador, petitions for
review of a decision of the Board of Immigration Appeals (BIA) dismissing his
appeal from a decision of the Immigration Judge (IJ) denying his application
for  withholding  of  removal.    Carcamo-Campos's  application  was  based  on
persecution  on  account  of  his  membership  in  a  particular  social  group,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

consisting of the family members of a cousin who had been killed for failing to make monthly "rent" payments to the Salvatruchas Gang.  Whether an alien demonstrated eligibility for withholding of removal is a factual determination that we review for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

To establish membership in a particular social group, an applicant must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences."  *Id.* at 518 (internal quotation marks and citation omitted).  A particular social group is also marked by "social visibility" and "particularity."  *Id.* at 519.  Social visibility or social distinction is determined by the extent that society perceives those with the immutable characteristic as members of a social group, and particularity turns on "whether the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons."  *Id.* (internal quotation marks and citation omitted).

Carcamo-Campos argues that "the social distinction which makes his family relationship a particular social group is that a member of his family was killed by the gangs."  The BIA's determination that he failed to establish a particular social group did not rest solely on a finding regarding the proposed group's social visibility, and Carcamo-Campos does not question its findings on the issues of immutability or particularity or address any of the administrative cases cited by the BIA in its analysis of those subjects.  Thus, Carcamo-Campos has failed to meaningfully challenge the BIA's determination that he failed to establish membership in "a particular social group" for withholding of removal.

No. 14-60460

Inadequately briefed arguments are abandoned. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Even if we consider Carcamo-Campos's argument, it lacks merit. Carcamo-Campos has not demonstrated membership in a particular social group or that the BIA's interpretation of that term is arbitrary or capricious. *See Orellana-Monson*, 685 F.3d at 521. Consequently, he cannot establish that he is statutorily eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and we need not reach his remaining arguments. *See Orellana-Monso*n, 685 F.3d at 522.

The petition for review is DENIED.