# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60519
c/w No. 14-60749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2015

Lyle W. Cayce
Clerk

AGUEDA GIRCELDA CACERES-DE NUNEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A094 787 783

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges:

PER CURIAM:[*]

Agueda Gricelda Caceres-De Nunez, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her motion to reopen her in absentia removal proceedings. She also petitions this court for review of the BIA's denial of her motion for reconsideration. We review the denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such motions under a "highly deferential abuse-of-discretion standard" and will uphold the decision of the BIA unless it is capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008).

Caceres-De Nunez asserts that the BIA abused its discretion in refusing to reopen the removal proceedings on account of changed country conditions in El Salvador. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). She argues that the BIA did not account for evidence which showed that violence against women has reached epidemic levels and that offenders often were not punished. The evidence does not, however, show a material change in country conditions between Caceres-De Nunez's 2006 removal hearing and her 2012 motion to reopen; the evidence instead reflects the ongoing nature of domestic violence in El Salvador. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (5th Cir. 2005). Also, Caceres-De Nunez has failed to compare in any meaningful way the conditions at the time of her removal hearing and her motion to reopen to support her claim that conditions in El Salvador are materially worse. *See Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005). Thus, the BIA did not abuse its discretion in dismissing the appeal of the denial of the motion to reopen.

With respect to the denial of her motion for reconsideration, Caceres-De Nunez argues that the evidence in support of her motion to reopen established a material change in country conditions and, therefore, the BIA's decision was erroneous. However, she failed to specify any error of fact or law in the BIA's decision and, instead, merely sought to challenge again whether the evidence showed that the conditions in El Salvador were meaningfully different than at the time of the removal hearing. The evidence, as noted, did not demonstrate

No. 14-60519

a material change in country conditions.  Therefore, the BIA did not abuse its discretion in denying Caceres-De Nunez's motion to reconsider.  *See Chambers*, 520 F.3d at 448; 8 C.F.R. § 1003.2(b)(1).

Accordingly, the petitions for review are DENIED.