# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2015

Lyle W. Cayce
Clerk

No. 14-60473
Summary Calendar

MESHACK OTIENO OGOLLA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 142 766

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner Meshack Otieno Ogolla, a native and citizen of Kenya, filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In affirming denial of relief, the BIA upheld the IJ's findings that Ogolla was not credible and failed to provide reasonably available

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corroborating evidence.  The BIA also determined that Ogolla was ineligible for asylum because his application for it was untimely.

Ogolla contends that the adverse credibility determination was unfounded because it was only premised on the fact that he gave more detailed and updated information in his testimony than was provided in his written application.  He further insists that his testimony and supporting evidence was sufficient to satisfy his burden of proof for asylum, withholding of removal, and relief under the CAT.

On appeal, Ogolla addresses whether he has satisfied the standards for asylum, but he does not brief any basis for challenging the BIA's determination that his asylum application was time barred.  Accordingly, he has waived that issue and has not shown that the BIA erred with regard to the denial of asylum. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the order of the BIA, but we consider the underlying decision of the IJ only to the extent that it was relied on by the BIA.  *Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).  Here, the BIA's decision regarding withholding of removal and CAT relief was based primarily on its affirmance of the IJ's adverse credibility finding.  On review, we defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538-539 (5th Cir. 2009) (internal quotation marks and citation omitted).  A court may rely on *any* inconsistency or omission to make an adverse credibility determination if the totality of the circumstances shows that the alien is not credible.  *Id.*

The differences noted by the BIA and IJ between Ogolla's testimony and his written application constituted inconsistencies or omissions that could support an adverse credibility finding based on the totality of the

2

No. 14-60473

circumstances.    *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 U.S.C. § 1231(b)(3)(C); *Wang*, 569 F.3d at 538.    Additionally, Ogolla does not brief any argument challenging the determination that he failed to provide reasonably available corroborating evidence, so he has waived any such challenge.   *See Chambers*, 520 F.3d at 448 n.1; *see also* § 1158(b)(1)(B)(ii); § 1231(b)(3)(C).   The adverse credibility finding against Ogolla is supported by substantial evidence.   Ogolla has failed to show that, on this record, no reasonable factfinder could disbelieve his testimony.   *See Wang*, 569 F.3d at 538.

We review the BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard.   *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).   In light of the adverse credibility finding against Ogolla, he has not shown that the BIA's denial of withholding of removal and CAT relief was not supported by substantial evidence.   Moreover, even if Ogolla's asylum application were considered on the merits, denial would be supported by substantial evidence based on the adverse credibility determination.

The petition for review is DENIED.