# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2019

Lyle W. Cayce
Clerk

LUIS ANTONIO AMARO-GRIMALDO,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 143 490

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Luis Antonio Amaro-Grimaldo, who was ordered removed to his native country of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order by an immigration judge (IJ) denying his application for withholding of removal. He argues that his application should have been granted because, as a member of a particular social group, namely, family members of gang members who are subject to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gang retribution, he was threatened in Mexico and will more likely than not face threats if removed to Mexico. The sole evidence of a threat he presented was a threat against his father because one of Amaro-Grimaldo's brothers stole money but did not turn it over to a gang or a cartel as expected.

The BIA reasoned, as the IJ had, that even if a particular social group such as Amaro-Grimaldo claimed did in fact exist, there was no evidence that his family relationship was a central reason for the threat he described or any possible future threat. That is, the BIA concluded that Amaro-Grimaldo failed to carry his burden of establishing a nexus between his claimed social group and his claimed fear. *See Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006). In the BIA's view, Amaro-Grimaldo failed to show that the harm he claimed to fear was not the result of criminal violence conducted solely for pecuniary gain. Our review of the administrative finding that Amaro-Grimaldo is not eligible for withholding of removal is under the substantial evidence standard, which means that we may not grant the petition for review unless we determine that the evidence not only supports, but compels, a contrary conclusion. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An alien may not be removed to a country in which his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 U.S.C. § 1101(a)(3). If past persecution based on such a nexus is demonstrated, future persecution on the same basis "shall be presumed," but the presumption may be rebutted. 8 C.F.R. § 208.16(b)(1)(i). Absent past persecution, the alien may be granted withholding of removal if he establishes "that it is more likely than not that" he would be persecuted based on a statutorily protected ground, except in circumstances not pertinent

to the instant case.  § 208.16(b)(2); *see Chen*, 470 F.3d at 1138; *see also Revencu*, 895 F.3d at 402.

No logical reason exists "to suppose that those who" threatened Amaro-Grimaldo's father to reap the benefit of another son's criminal activity "also [did] so out of hatred for a family." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see Revencu*, 895 F.3d at 403; *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996).  In that regard, the record does not reveal that any harm has been visited on members of Amaro-Grimaldo's family who have remained in Mexico.

Amaro-Grimaldo fails to "set forth evidence so compelling that no reasonable factfinder could fail to find the nexus requirement fulfilled." *Revencu*, 895 F.3d at 404 (internal quotation marks and citation omitted); *see Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012); *Chen*, 470 F.3d at 1134, 1138.  And he has abandoned, by failing to brief it, any claim under the Convention Against Torture.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  Consequently, the petition for review is DENIED.