# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2021

Lyle W. Cayce
Clerk

No. 19-60532
Summary Calendar

Francisco Espinoza-Villasenor, *also known as* Francisco M. Espinosa,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 239 029

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Francisco Espinoza-Villasenor, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA): dismissing his appeal from the denial of his application for withholding of removal and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relief under the Convention Against Torture (CAT); and denying his request to remand the proceeding to consider his eligibility for cancellation of removal. Because he presents claims pertaining only to withholding, and cancellation, of removal, he has abandoned any challenge to the BIA's determination that he was not eligible for protection under the CAT. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012); and denial of the motion to remand, for abuse of discretion, *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

To be eligible for withholding of removal, an applicant "must demonstrate a clear probability of persecution upon return". *Munoz-Granados*, 958 F.3d 402, 408 (5th Cir. 2020) (quoting *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004)). A clear probability of persecution "means that it is more likely than not that the applicant's life or freedom would be threatened by persecution *on account of* either his race, religion, nationality, membership in a particular social group, or political opinion". *Roy*, 389 F.3d at 138 (emphasis added). Although Espinoza asserts he was threatened by members of his wife's family based on his membership in the Espinoza-Villasenor family, his testimony reflects that he was threatened because his wife's family did not approve of his relationship with his wife (who died after his illegal entry in the United States). In fact, he acknowledged that his wife's family's issue with him had nothing to do with his family; it was related to the age difference between him and his wife and because he left her. Moreover, he testified that he was the only one in his family who had been threatened by his wife's family. "Persecution motivated by a personal vendetta or desire for revenge is not persecution 'on account of' a protected ground." *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019)

(citations omitted). Accordingly, substantial evidence supports the BIA's determination that Espinoza is not entitled to withholding of removal.

Regarding Espinoza's motion to remand to consider his eligibility for cancellation of removal, such cancellation is available to applicants who: have been continuously present in the United States for ten or more years prior to filing an application; can establish good moral character during that time; have no disqualifying convictions; and can establish that removal would result in exceptional and extremely unusual hardship to the applicant's spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). Pursuant to the stop-time rule, continuous physical presence is deemed to end when an applicant is served a notice to appear (NTA). 8 U.S.C. § 1229b(d)(1)(A). On the other hand, in *Pereira v. Sessions*, the Supreme Court held a NTA that fails to inform a noncitizen of when and where to appear is invalid and does not trigger the stop-time rule. 138 S. Ct. 2105, 2110 (2018).

Espinoza entered the United States in 2007 without being admitted or paroled. He was served a NTA in 2014, but it did not designate a specific time when he was required to appear. On 9 March 2016, Espinoza was served with a notice of hearing (NOH), stating a hearing had been scheduled for 25 March 2016. He contends he has been continuously present in the United States for more than ten years, because neither the NTA nor subsequent service of the NOH triggers the stop-time rule. This court has held, however, that a NTA is cured, and the stop-time rule triggered, when an applicant receives all the required information, even if the information is provided in more than one document. *Yanez-Pena v. Barr*, 952 F.3d 239, 245 (5th Cir. 2020), *petition for cert. filed* (Apr. 8, 2020) (No. 19-1208). Because service of the NOH containing the information missing from the NTA was done within ten years of Espinoza's entry to the United States, he lacks the requisite ten years of continuous presence to be eligible for cancellation of removal.

No. 19-60532

Accordingly, the BIA did not abuse its discretion in denying the motion to remand.

DENIED.