# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-61159

CLAIRENCE NZELLE CHAMBERS
also known as CLAIRENCE NZELLE NCHO

Petitioner

v.

MICHAEL B. MUKASEY, U.S. Attorney General

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

EMILIO M. GARZA:

Petitioner Clairence Nzelle Chambers ("Petitioner") petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). That order denied Petitioner's motion for reconsideration of the BIA's previous order, which dismissed Petitioner's appeal after finding that she was ineligible for adjustment of status during removal proceedings before the Immigration Judge ("IJ"). Petitioner also seeks a discretionary stay of removal while she pursues an application for adjustment of status. We deny the petition for review and decline to exercise our discretion to stay removal while Petitioner pursues an application for adjustment of status.

I

Petitioner is a native and citizen of Cameroon. She was admitted into the United States as a student in 1995. Petitioner later married a United States citizen who filed an I-130 Petition for Alien Relative ("Petition I") on her behalf in 1999. Petitioner immediately filed an I-485 Application to Adjust Status ("Application I"). Petitioner was paroled into the United States in January 2000 while Application I was pending. Petitioner's husband, however, withdrew Petition I in 2001. They subsequently divorced. Accordingly, Application I was denied because there was no longer an underlying visa petition.

Petitioner's employer, Christus St. Joseph's Hospital, filed an I-140 Petition for Alien Worker ("Petition II") on her behalf in January 2003. Petitioner then filed an I-485 Application to Adjust Status ("Application II") based on Petition II. No decision with respect to Petition II or Application II had issued when, in June 2003, the former Immigration and Naturalization Service ("INS") served Petitioner with a Notice to Appear ("NTA"), charging her as removable pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), which provides:

> [A]liens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States: . . . any immigrant at the time of application for admission -- (I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality . . .

8 U.S.C. § 1182(a)(7)(i)(I). Petition II was, however, approved in July 2003. Petitioner did not appear at her scheduled removal hearing. The IJ therefore ordered her removed in absentia. Petitioner moved to reopen proceedings, arguing that she did not receive notice of the date and time of the hearing. The government filed a notice of non-opposition and attached the NTA to a copy of

the notice of non-opposition, which the government then served on Petitioner's counsel.  The IJ granted Petitioner's motion and reopened proceedings.

On March 14, 2005, Petitioner appeared at a hearing before the IJ and pleaded to the charges contained in the NTA.  Petitioner did not object to the service of the NTA during the hearing nor did she aver that she had received insufficient notice of the charges against her.  Two weeks later, Petitioner filed a motion to terminate removal proceedings, arguing that the NTA was no longer valid because the IJ had granted her motion to reopen and contending, for the first time, defective service of the NTA because it was served on her counsel rather than on her.  The government opposed Petitioner's motion and filed a motion to pretermit Application II, arguing that Petitioner was ineligible for adjustment of status.  In May 2005, the IJ denied Petitioner's motion to terminate, granted the government's motion to pretermit, and ordered Petitioner to appear at a final hearing in July 2005 to advise the IJ of any forms of relief for which she may be eligible.  Following the hearing, the IJ reaffirmed its May 2005 ruling and ordered that Petitioner be removed to Cameroon.

Petitioner appealed to the BIA.  On appeal, Petitioner argued that the NTA was substantively defective, that the NTA was defectively served, and that she was eligible to seek adjustment of status during removal proceedings.  The BIA rejected these arguments and dismissed Petitioner's appeal in July 2006.  Petitioner then filed a motion for reconsideration with the BIA.  In ruling on that motion, the BIA acknowledged that, in the original appeal, it had erroneously observed that Petitioner never departed from and returned to the United States under a grant of advanced parole.  However, the BIA concluded that this error did not alter its prior ruling.  Accordingly, the BIA denied the motion.  Petitioner filed this petition for review of the BIA's decision on her motion for reconsideration.

II

Petitioner requests only that we review "the Board's decision dated November 26, 2006." That decision is the BIA's ruling on Petitioner's motion for reconsideration. See Guevara v. Gonzalez, 450 F.3d 173, 176 (5th Cir. 2006) (holding that "the BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review") (citations omitted). "A motion for reconsideration urges an adjudicative body to re-evaluate the record evidence only." Zhao v. Gonzalez, 404 F.3d 295, 301 (5th Cir. 2005) (citations omitted). A motion to reconsider should be denied if it fails to "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." Id.

We review the BIA's decision on a motion for reconsideration under an abuse of discretion standard. See Guevara, 450 F.3d at 175 (citing Zhao, 404 F.3d at 301). That standard is "highly-deferential" in that we will not disturb the BIA's discretion so long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." Singh v. Gonzalez, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotations and footnote omitted).

Petitioner raises four issues in this petition.[1] First, Petitioner contends that the NTA was substantively defective.[2] Second, Petitioner contends that the NTA was defectively served. Third, Petitioner contends that the BIA erred in

---

[1] In her Statement of Issues, Petitioner references a purported Due Process violation. Petitioner, however, does not brief this issue. Accordingly, it is waived. See California Gas Transport, Inc., v. N.L.R.B., 507 F.3d 847, 853 n. 3 (5th Cir. 2007) (holding that a petitioner does not preserve an issue merely by mentioning it in her statement of issues without developing her argument in the body of the brief) (citing Justiss Oil Co., Inc. v. Kerr-McGee Refining Corp., 75 F.3d 1057, 1067 (5th Cir. 1996)).

[2] Nested within this argument, Petitioner contends that the NTA was issued improvidently because Petition II had been approved and a visa was available to her at the time the NTA issued. She is incorrect. The NTA was issued in June 2003. Petition II was approved one month later in July 2003. Accordingly, the BIA correctly rejected this argument.

holding that she could not adjust her status in removal proceedings. Fourth, Petitioner contends that she is entitled to a stay of removal while she seeks adjustment of status through Application II.

### A

The first issue is whether the NTA was substantively defective. The BIA held that the NTA was not substantively defective because it "satisfie[d] all the requirements listed in section 239(a) of the [INA]." Section 239(a) requires that the NTA indicate: the "nature of the proceedings against [Petitioner]," the "legal authority under which the proceedings are conducted," the "acts of conduct alleged to be in violation of the law," and the "charges against [Petitioner] and the statutory provisions alleged to have been violated." 8 U.S.C. § 1229(a)(1). The NTA in this case satisfied these requirements because it specified that Petitioner was an "arriving alien" who was "not a citizen or national of the United States" but rather a "native of Cameroon and a citizen of Cameroon" who was present in the United States without proper documentation in violation of "Section 212(a)(7)(A)(i)(I) of the [INA]" and ordered that Petitioner appear "before an immigration judge of the United States Department of Justice." Accordingly, we agree with the BIA that the NTA was not substantively defective.[3]

### B

The second issue is whether the NTA was defectively served. The BIA concluded that Petitioner was properly served with the NTA, notwithstanding the fact that the NTA was served on her counsel rather than on Petitioner. In making this determination, the BIA relied on two federal regulations, both of which provide:

---

[3] Our rejection of this argument is buttressed by our conclusion that Petitioner waived any objection to the NTA by appearing at her initial hearing, failing to object to the admission of the NTA, and pleading to the charges contained in the NTA. See Section II.B, infra.

> Whenever a person is required by any of the provisions of this chapter to give or be given notice . . . such notice . . . shall be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented.

8 C.F.R. §§ 292.5, 1292.5 (emphasis added). Petitioner contends that the BIA erred in relying on these regulations and therefore erred in holding that service on counsel was proper. Specifically, Petitioner claims that the NTA should have been personally served on her rather than counsel pursuant to the INA, which provides:

> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . .

8 U.S.C. § 1229(a)(1) (emphasis added). We need not decide this dispute because Petitioner has waived her challenge to the service of the NTA.

In a civil case, it is well-settled that, "a person waives the defense of defective service if he voluntarily submits himself to the court's jurisdiction by appearing before it and allowing it to adjudicate his rights." McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907 (5th Cir. 1995). Other Circuits have applied a similar rule in immigration cases. In Qureshi v. Gonzalez, 442 F.3d 985, 990 (7th Cir. 2006), the petitioner argued that the IJ lacked jurisdiction over removal proceedings because of a defect in the NTA. Notwithstanding the defect, the BIA held that the IJ had jurisdiction because the NTA was admitted without objection at the petitioner's initial removal hearing. See id. The Seventh Circuit agreed with the BIA and held that the petitioner had waived any objection to the NTA because the petitioner "failed to object to the admission of the NTA, conceded his removability, and pleaded to the charge in the NTA, all before claiming that the certificate of service was defective . . . ." Id. We previously

have agreed with this principle in an unpublished decision. See Sohani v. Gonzalez, 191 Fed. Appx. 258, 259 (5th Cir. 2006) (holding that because petitioner "did not object to the admission of the Notice to Appear . . . at the removal hearing [he] waived his challenge to the IJ's jurisdiction over the removal proceedings) (citing Qureshi, 442 F.3d at 990).

Following the reopening of this case, Petitioner, much like the petitioner in Qureshi, appeared at her initial removal hearing, failed to object to the admission of the NTA, and pleaded to the charges contained in the NTA. Although Petitioner did not concede removability as did the petitioner in Qureshi, we do not find this fact to be dispositive as to the issues of notice and service. Moreover, Petitioner does not dispute that she had actual notice of the hearing: she admits that the government served a copy of the NTA on her counsel along with its notice of non-opposition to her motion for reconsideration. Petitioner, therefore, received actual notice of removal proceedings well before the initial hearing she attended. In accordance with the decision of the Seventh Circuit, we hold that Petitioner has waived any challenge to the NTA by appearing at her initial removal hearing, failing to object to the NTA at that initial hearing, and pleading to the charges contained in the NTA. See Qureshi, 442 F.3d at 990.

C

The third issue is whether Petitioner was ineligible for adjustment of status during her removal proceedings before the IJ. The BIA held that Petitioner was ineligible. Petitioner contends that the BIA erred in making this determination because it relied on a prior version of the relevant regulations, which allowed the IJ only to consider "renewed" adjustment applications whereas the operative regulations allow the IJ to consider new adjustment applications, like Petitioner's. Petitioner is incorrect.

Whether an IJ has jurisdiction to consider an arriving alien's adjustment application is determined by federal regulations, which provide:

> In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by an arriving alien unless: (A) The alien properly filed the application for adjustment of status with USCIS while the arriving alien was in the United States; (B) The alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status; (C) The application for adjustment of status was denied by USCIS; and (D) DHS placed the arriving alien in removal proceedings either upon the arriving alien's return to the United States pursuant to a grant of advance parole or after USCIS denied the application.

8 C.F.R. § 1245.2(a)(1)(ii) (emphasis added). Although Section 1245.2(a)(1)(ii) does not contain the word "renew" as did its prior version, it requires that an alien be paroled into the United States "to pursue a previously filed application." Petitioner was paroled into the United States in January 2000. The adjustment application that she wishes to pursue is Application II, which was filed in 2003)) three years after her parole. Because Application II was filed after Petitioner was paroled into the United States, it is not "previously filed" within the meaning of Section 1245.2(a)(1)(ii). Accordingly, we agree that the IJ lacked jurisdiction to consider Petitioner's application. See 8 C.F.R. § 1245.2(a)(1)(ii).

D

The final issue is whether Petitioner is entitled to a stay of removal while she pursues adjustment of status through Application II in light of the approval of Petition II. To merit a discretionary stay of removal, Petitioner must show: "(1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that granting the stay would serve the public interest." Ignacio v. I.N.S., 955 F.2d 295, 299 (5th Cir. 1992) (citations omitted). Petitioner cannot make the requisite showing.

Her arguments with respect to factors (2)-(4) are non-unique: she merely lists the various difficulties any alien would face upon removal, asserts that those difficulties outweigh any harm to the government, and baldly asserts that a stay of removal would advance the public interest by promoting justice. These arguments are insufficient. In addition, Petitioner still may pursue her adjustment application from her home country. See 8 U.S.C. § 1252(d). Accordingly, a stay of removal is not justified.

### III

For the foregoing reasons, we DENY the petition for review and DENY a stay of removal.

PETITION FOR REVIEW DENIED; STAY OF REMOVAL DENIED.