**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 10-60268
Summary Calendar

February 3, 2011

Lyle W. Cayce
Clerk

QING HUA LIN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 798 808

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Qing Hua Lin, a citizen of the People's Republic of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin sought immigration relief based on his alleged persecution or fear of persecution and torture on account of his practice or association with Falun Gong, "a movement that professes to help its practitioners gain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

self-understanding through spiritual and physical development." *Zhao v. Gonzales*, 404 F.3d 295, 300 (5th Cir. 2005). The IJ denied relief after finding that Lin was not a credible witness. The BIA upheld the IJ's adverse credibility determinations and held that Lin had failed to meet his burden of proving eligibility for any relief sought. Lin challenges those negative credibility determinations. He contends that he demonstrated his eligibility for relief.

The BIA's finding that Lin failed to provide the court with credible evidence in support of his claim for immigration relief is supported by substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). The inconsistencies listed by the BIA and IJ regarding Lin's accounts of his persecution are supported by the record. The evidence does not compel a conclusion that Lin's testimony was credible. *See id.* at 538-39. Absent credible evidence to the contrary, the BIA's finding that Lin failed to carry his burden of establishing his eligibility for asylum, withholding of deportation, or relief under the CAT is supported by substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005). By failing to brief it adequately, Lin waived any argument that he presented evidence corroborating his claims. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Lin's petition for review is DENIED.