# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

MELVIN ALEXANDER-LORENZO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 896 860

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Melvin Alexander-Lorenzo seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) decision denying him asylum and withholding of removal. Alexander claims the IJ erred in: denying his petition because he belongs to a requisite particular social group, pursuant to 8 U.S.C. § 1101(a)(42)(A), comprised of recipients of death threats due to testifying against a member of organized

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

crime; and not affording him an opportunity to explain how he belongs to that group. He has waived his Convention Against Torture claim by failing to challenge the BIA's denial of that claim. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Factual findings made by the BIA are reviewed for substantial evidence, which requires the finding to be based on the evidence presented and that it be substantially reasonable. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial evidence standard, a finding fails only when the evidence compels a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Alexander's contention that his actions as "a witness" during an incident at an immigration checkpoint qualify him as a member of a group of individuals who testified against organized crime is without merit. A particular social group is "defined by characteristics that provide a clear benchmark for determining who falls within the group". *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014). Assuming *arguendo* persons who testify against organized crime members may constitute a requisite particular social group, Alexander fails to establish his membership in that group. In short, he has not shown the BIA's determination that he failed to show membership in a particular social group, as required to succeed on a claim for asylum or withholding of removal, is substantially unreasonable. *See Orellana-Monson*, 685 F.3d at 517–18.

Further, his claim that the IJ did not afford him an opportunity to present evidence concerning a particular social group also fails. Although Alexander faults the IJ, "[a]s a fact-finder in this case", for "fail[ing] to question" him regarding the particular social group to which he belonged, the IJ did not have a duty to develop the facts necessary to prove Alexander's claim.

No. 14-60597

*See Lopez-Rodriguez v. I.N.S.*, No. 93-05242, 1994 WL 122108, at \*6 (5th Cir. 24 Mar. 1994) (unpublished).  Moreover, Alexander's counsel was given the opportunity to more fully develop the claims, but declined to do so.

DENIED.