# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2018

Lyle W. Cayce
Clerk

ANTONIA ELIZABETH RIVAS-RIVERA; DANIELA IZAMAR RIVAS-RIVERA,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 286 460
BIA No. A208 286 461

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonia Elizabeth Rivas-Rivera and her minor daughter, Daniela Izamar Rivas-Rivera, both natives and citizens of El Salvador, petition this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the immigration judge's (IJ) ruling denying Rivas-Rivera's application for asylum, withholding of removal, and relief under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60128

Convention Against Torture (CAT).  Daniela sought the same relief as a derivative applicant.  Rivas-Rivera argues that the IJ erred by denying her application for asylum and withholding of removal.  To the extent that she may be challenging the denial of relief under the CAT, that challenge is waived.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Because the BIA agreed with the IJ's denial of relief, we will review both decisions.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We review factual findings under the substantial evidence standard and legal questions de novo.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

An alien seeking asylum must demonstrate past persecution or a wellfounded fear of persecution because of one of five protected grounds, which includes membership in a particular social group.  8 U.S.C. § 1158(b)(1)(A), (B)(i).  The determination that Rivas-Rivera failed to establish her membership in a particular social group, as well as the requisite nexus between any past or future persecution and her proposed particular social group, is supported by substantial evidence.  *See Wang*, 569 F.3d at 536.  Because Rivas-Rivera did not establish a well-founded fear of persecution upon her return to El Salvador for purposes of asylum, she necessarily did not meet the higher standard of showing a clear probability of persecution upon her return to El Salvador that is required to qualify for withholding of removal.  *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

The petition for review is DENIED.