# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60078
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 22, 2019

Lyle W. Cayce
Clerk

JIANHUI SUN,

Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 059 754

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jianhui Sun petitions for review of the decision by the Board of Immigration Appeals (BIA) to dismiss his appeal of the immigration judge's (IJ) decision to deny him asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT). Sun asserts eligibility for these claims based on assertions that he was religiously persecuted for being a Christian in China. These removal proceedings began in 2011, shortly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60078

after Sun arrived in the United States on a student visa but never attended the designated school.  The BIA found Sun waived his request for CAT relief, found no clear error in the IJ's adverse credibility finding, and agreed that Sun did not satisfy his burden for establishing eligibility for asylum or withholding of removal.

Sun does not brief any argument regarding the denial of CAT relief on appeal.  Accordingly, he has waived this issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

As for the adverse credibility determination, Sun argues that the inconsistences identified by the BIA either were not inconsistent or were minor and did not go to the heart of his claims.  The BIA held that there was no clear error in the IJ basing the adverse credibility determination on: (1) the IJ's finding that Sun's application omitted the fact that he lived and worked in Alabama for almost a year; (2) the IJ's finding of inconsistencies when Sun described his brother's name and skin condition; and (3) the IJ's finding of inconsistencies when Sun described why and how he obtained the student visa.  In affirming the IJ's adverse credibility determination, the BIA expressly denied reliance on the IJ's findings that questioned the sincerity of Sun's religious testimony and questioned why authorities in China would issue Sun a passport and school certificate while he was in America if they were simultaneously persecuting him.

We review adverse credibility determinations for substantial evidence.  Under that standard, we will not reverse an IJ's credibility determination unless no reasonable factfinder could make such a finding and the evidence compels reversal. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018).  This court has authority to review only the decision of the BIA, and the IJ's decision may be reviewed only to the extent it influences that of the BIA.  *Id.* at 224.

No. 18-60078

As such, we do not review the IJ's findings that questioned the sincerity of Sun's religious testimony and questioned why authorities in China would issue Sun a passport and school certificate, but note that the BIA was likely correct to decline consideration of those factors in upholding the adverse credibility determination. *See Ye v. Sessions*, 695 F. App'x 785 (5th Cir. 2017) (unpublished) (vacating a BIA decision involving the same IJ because the adverse credibility determination was based almost entirely on improper speculation about religious practices and beliefs). Nonetheless, we agree with the BIA that the three other bases identified satisfy the substantial evidence threshold for upholding an adverse credibility determination. *See Wang v. Sessions*, 736 F. App'x 477 (5th Cir. 2018) (unpublished) (affirming the adverse credibility determination, notwithstanding improperly speculative findings similar to those in *Ye*, because there were sufficient other bases for the finding); 8 U.S.C. § 1229a(c)(4)(C) (stating that credibility determinations may be based on any inconsistencies, without regard to whether the inconsistency goes to the "heart of the applicant's claim[] or any other relevant matter").

The denial of asylum and withholding of removal was largely predicated on the adverse credibility finding. Asylum claims require the applicant to demonstrate an objectively reasonable fear of persecution on account of his religion (or other covered categories). *Wang*, 736 F. App'x at 480. Withholding of removal claims have an even higher bar, requiring the applicant to show a "clear probability" of such persecution. *Id.* Because Sun's testimony was deemed not be credible, he needed to offer corroborating evidence to support his claim that he had a reasonable fear of persecution. However, the only corroborating evidence he offered were generic country reports that did nothing to establish that he, personally, was or would be subject to persecution. *See id.* at 481–82 (affirming the denial when an incredible applicant provided

only a generic country report as corroborating evidence of his alleged persecution). Sun's conclusory argument that he is credible and eligible for asylum and withholding of removal because he is credible is unavailing.

Sun's petition for review is DENIED.