# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-60298
Summary Calendar

---

ENGELBERT FELIX CARBAJAL-BETANCO, *also known as* ENGELBERT FELIX CARVAJAL-BETANCO,

*Petitioner*,

*versus*

WILLIAM P. BARR, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 180 187

---

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Engelbert Carbajal-Betanco, a native and citizen of El Salvador, petitions for review of an immigration judge's decision affirming an asylum officer's determination that he lacked a reasonable fear of persecution or

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60298

torture.  On appeal, he presents claims that pertain only to the determination that he lacked a reasonable fear of persecution.  Therefore, he has abandoned any challenge to the determination that he failed to demonstrate that he was more likely than not to be tortured upon his return to El Salvador.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).    The Government has also filed a motion to dismiss the petition for review.

To establish a reasonable fear of persecution, an alien must "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 1208.31(c).[1]  To demonstrate persecution, the applicant must establish that one of the five statutorily protected grounds was "at least one central reason" for the harm that he experienced. *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

Carbajal-Betanco argues that he was persecuted on account of owning a small business, being a former gang member, and being a practicing Christian.  However, economic extortion is not a form of persecution under immigration law.  *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). Moreover, Carbajal-Betanco's claim that he could be threatened by gangs if they discover he was in a rival gang in his youth does not rise to the level of persecution because it is "non-specific" and "lacking in immediacy." *See*

---

[1] Although the Government argues that this court should apply a "facially legitimate and bona fide reason" standard rather than the substantial evidence standard in evaluating an immigration judge's reasonable fear determination, it is not necessary to determine the appropriate standard of review at this time because Carbajal-Betanco's claim fails even under the less deferential substantial evidence test. *See Lara-Nieto v. Barr*, 945 F.3d 1054, 1060 n.5 (8th Cir. 2019).  Under the substantial evidence standard, this court may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

*Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (quoting *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019)).  Finally, although he argues that he was targeted because he is a practicing Christian, he explicitly stated that the gang threatened him not because of his religion, but because he lived in a different "colony."  Because the record does not compel the conclusion that Carbajal-Betanco suffered past persecution or that he has a well-founded fear of future persecution, substantial evidence supports the immigration judge's reasonable fear determination.

Based upon the foregoing, the petition for review is DENIED and the motion to dismiss is DENIED as moot.