# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2021

Lyle W. Cayce
Clerk

No. 19-60734
Summary Calendar

Amritpal Singh,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 425 428

---

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Amritpal Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying asylum, withholding of removal, and protection under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT).  The application for relief was based on religion, political opinion, and the CAT.

Singh is a member of the Shiromani Akali Dal Mann Party in Punjab. He cites two incidents in which members of the Bharatiya Janata Party, a rival party that governs India, assaulted and threatened to kill him, leading him to seek medical treatment for bruising and a sharp-object stab wound and to report the incidents to the police, who refused to help him.  During the second incident, Singh's mother was slapped and her hair was pulled back by the assailants.

The two brief incidents do not, even cumulatively, constitute the extreme conduct that would compel a reasonable factfinder to make a determination of past persecution.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *Mikhael v. INS*, 115 F.3d 299, 304 & n. 4(5th Cir. 1997).  And Singh's claim that the BIA ignored evidence of threats is incorrect; the BIA explicitly mentioned that Singh had twice been threatened by his assailants. As for threats made after he left India, Singh does not explain how they constitute evidence of what happened to him before he left.  But even if the later, non-immediate threats do somehow shed light on the question of past persecution, Singh still does not show that the totality of the evidence compels a determination of past persecution.  *See Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 907 (2020); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see also* 8 U.S.C. § 1252(b)(4)(B).

Additionally, we conclude, as did the BIA, that Singh failed to satisfy his burden of demonstrating a well-founded fear of persecution because he did not establish that avoiding future persecution by relocating to another part of India was unreasonable and did not show that any alleged persecution was sponsored by the Indian government.  *See* 8 C.F.R. § 1208.13(b)(3)(i); *see also Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).  In

2

No. 19-60734

response to the BIA's conclusion that the government of India had not been proved the sponsor of persecution, Singh offers a merely conclusory, and therefore ineffectual, assertion of Indian government sponsorship. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007).

Singh has abandoned any claim for withholding of removal by failing to brief it. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Also, by failing to address the sole basis for the BIA's CAT ruling, namely, the lack of evidence of torture, Singh has abandoned his CAT claim. *See id.*; *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

PETITION DENIED.