# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2021

Lyle W. Cayce
Clerk

No. 19-60823
Summary Calendar

WIMGO NELSON BURINYUY,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 428 271

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Petitioner Wimgo Nelson Burinyuy, a native and citizen of Cameroon, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60823

(CAT).  He challenges the BIA's decision that he lacked credibility and that he failed to provide sufficient corroborative evidence to overcome the adverse credibility finding. He also contends that the BIA failed to consider independent corroborative evidence.  On appeal, Burinyuy does not challenge the BIA's determination that he was not eligible for protection under the CAT or that he was not entitled to a remand for the immigration judge (IJ) to consider new evidence. He has therefore abandoned these claims. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the BIA's decision, but we consider the IJ's decision only to the extent that it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings, including an adverse credibility determination, are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Despite Burinyuy's assertions to the contrary, the IJ's determination is supported by specific reasons based on the evidence presented, and under the totality of the circumstances, it is substantially reasonable. *Suate-Orellana v. Barr*, 979 F.3d 1056, 1060 (5th Cir. 2020).  The adverse credibility determination was supported by "specific and cogent reasons," so the record does not compel a finding that Burinyuy was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  The lack of credible evidence therefore precludes Burinyuy from bearing his burden of proof for asylum and withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

Burinyuy also failed to present sufficient corroborative evidence to overcome the IJ's adverse credibility determination.  He claims that he did not need to provide corroborative evidence because his claim relied on personal experiences not subject to verification. We have explicitly held,

No. 19-60823

however, that the failure to provide reasonably available corroborative evidence, even when the applicant is credible, is grounds for denying an application for asylum and for withholding of removal. *Avelar-Oliva*, 954 F.3d at 764. Moreover, the facts that Burinyuy proceeded pro se and was detained did not excuse him from the requirement to provide reasonably available corroborative evidence. *See Rui Yang v. Holder*, 664 F.3d 580, 587-88 (5th Cir. 2011).

Burinyuy also claims that the October 2017 rally was nationwide and that he had friends at both the rally and the September 2018 meeting. It was therefore reasonable for the IJ to expect additional corroboration in the form of news reports or affidavits from other participants. *See Avelar-Oliva*, 954 F.3d at 769.

Burinyuy next contends that the BIA committed legal error by failing to consider independent corroborative evidence regarding the Cameroonian government's treatment of political opponents. Evidence of those facts was not presented to the IJ, so the BIA cannot consider such new evidence on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 n.9 (5th Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.