# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2021

Lyle W. Cayce
Clerk

No. 20-60276

Laudenia Elisabeth Castillo-Martinez; Jose Antonio
Caballero-Castillo; Gerson David Caballero-Castillo;
Claudia Julissa Caballero-Castillo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 771 252
BIA No. A206 771 253
BIA No. A206 771 254
BIA No. A206 771 362

---

Before King, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:*

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60276

An Immigration Judge denied Petitioners' application for asylum and withholding of removal, and the Board of Immigration Appeals subsequently dismissed Petitioners' appeal. Petitioners now seek review of that order by the Board of Immigration Appeals. For the reasons that follow, we DENY the petition for review.

**I.**

After Laudenia Elisabeth Castillo-Martinez and her three children (collectively, "Petitioners"), natives and citizens of Honduras, entered the United States without admission or parole, they were served with notices to appear and charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

After conceding removability, Castillo-Martinez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on behalf of herself and her children. Castillo-Martinez claimed membership in a particular social group defined as "Honduran common law married wom[e]n in a domestic abuse relationship unable to leave." She explained that she left Honduras because her former partner was physically and verbally abusive, and that she had unsuccessfully tried to leave her partner before coming to the United States by first going to her mother's home. Additionally, she explained that she did not report the abuse to the authorities because the closest police station was two and a half hours away and she did not have a landline or cellular reception.

The Immigration Judge ("IJ") denied the application, and Castillo-Martinez appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal.[1] This timely petition for review followed.

---

[1] As part of the appeal, Castillo-Martinez also filed a motion for remand in order to propose a new, particular social group. The BIA, however, found that a remand was not

No. 20-60276

## II.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

## III.

Castillo-Martinez challenges the BIA's denial of her request for asylum and withholding of removal.

To establish eligibility for asylum, an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). And to prevail on a claim of past or future persecution, an applicant must establish, *inter alia*, that she suffered, or will suffer, persecution at the hands of the "government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

---

warranted because Castillo-Martinez had failed to identify what new facts would be presented to the IJ on remand. Because Petitioners do not challenge the BIA's denial of the motion to remand, they have abandoned review of that issue, and we do not address it further. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

No. 20-60276

"[A] particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). That said, a proposed social group cannot be defined in a circular manner and must exist independently of the suffered harm. *Id.* at 232. Because Castillo-Martinez's proposed social group—Honduran common law married women in a domestic abuse relationship unable to leave—is defined by the persecution of its members, it is not cognizable. And in the absence of a cognizable proposed social group, the BIA did not err in denying Petitioners' request for asylum.[2] *See Temaj-Augustin v. Garland*, No. 20-60983, 2021 WL 3355172, at *1 (5th Cir. Aug. 2, 2021).

To qualify for withholding of removal, an applicant has the burden of demonstrating that it is more likely than not that she will be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 149–50 (5th Cir. 2019).

---

[2] Even if Castillo-Martinez's proposed social group were cognizable, she has failed to demonstrate that the Honduran government is unable or unwilling to protect her. An applicant seeking to establish persecution based on violent conduct of a private actor must show that the government either condoned the private actions or was completely helpless to protect the victims. *See Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006); *see also Gonzales-Veliz*, 938 F.3d at 233–34. Castillo-Martinez has not done so. And indeed, although she introduced documentary evidence regarding the unwillingness of Honduran police to protect victims of domestic violence, this evidence does not compel a contrary result. *See Martinez-Lopez*, 943 F.3d at 769. Because Castillo-Martinez did not show that the Honduran government is unable or unwilling to protect her and her children, she cannot prevail on her claim of persecution. *See Arevalo-Velasquez v. Whitaker*, 752 F. App'x 200, 201–02 (5th Cir. 2019).

No. 20-60276

Despite Castillo-Martinez's argument that the nexus requirement between a protected ground and persecution is more relaxed for withholding of removal than it is for asylum, we have previously held to the contrary. Indeed, in other cases where a petitioner has made this same argument, we have specifically explained "that applicants for withholding of removal must similarly show that a protected ground, including membership in a particular social group, was or will be 'at least one central reason for persecuting the applicant.'" *Quinteros-Hernandez v. Sessions*, 740 F. App'x 57, 58 (5th Cir. 2018) (quoting *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018)).

And so, because Castillo-Martinez "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," she cannot meet the more stringent burden for obtaining withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)). Therefore, she is unable to demonstrate that the BIA erred in disposing of this claim.

## IV.

For the foregoing reasons, the petition for review is DENIED.