# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2021

Lyle W. Cayce
Clerk

No. 20-60250
Summary Calendar

Yaciel Yulian Camejo Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 496 530

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Yaciel Yulian Camejo Gonzalez, a native and citizen of Cuba, petitions
for review of an order by the Board of Immigration Appeals (BIA) dismissing
his appeal from the denial of his application for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT).  He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60250

challenges the determination that he was competent to proceed in immigration proceedings. Because he does not challenge the determination that his underlying asylum claim lacked merit or that he was not entitled to protection under the CAT, he has abandoned review of these claims. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Aliens in removal proceedings are presumed to be competent to participate in those proceedings. *Matter of M-A-M-*, 25 I & N Dec. 474, 477 (BIA 2011). However, if an issue implicating mental competency arises, the immigration judge must determine whether the alien is competent to proceed. *Id.* at 479. To determine whether an alien is competent to participate in immigration proceedings, an immigration judge considers "whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.*

Despite Camejo Gonzalez's assertions to the contrary, the immigration judge properly inquired into his level of competency. When he stated that he was "going a little bit nuts," the immigration judge immediately asked what he meant by that statement and inquired into his mental state by asking whether he was taking any medication to treat a mental illness, whether he understood the nature and purpose of the hearing, and whether he understood who the immigration judge was. While Camejo Gonzalez claims that this inquiry was inadequate, the approach to assess

2

No. 20-60250

competency is made on a case by case basis and these questions were sufficient to establish that he understood the nature and object of the proceedings. *See id.* at 479-80. Because Camejo Gonzalez presented his asylum claim in a cogent manner, was able to answer questions, and indicated that he understood what was happening and the role of the court, substantial evidence supports the determination that he had "a rational and factual understanding of the nature and object of the proceedings." *See id.* at 479. Accordingly, the BIA did not err in affirming the finding that he was competent to proceed.

Based upon the foregoing, the petition for review is DENIED.