# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2022

Lyle W. Cayce
Clerk

No. 20-60674
Summary Calendar

Louis M. Acha,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 593 609

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Petitioner Louis M. Acha is a native and citizen of Cameroon who seeks review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by the immigration judge (IJ) of Acha's

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60674

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Acha contends that the IJ's adverse credibility determination was not automatically fatal to his claim that he is entitled to protection under the CAT. The BIA erred, he explains, by failing to independently analyze the merits of his CAT claim. The Government contends that Acha's claim is unexhausted, but we disagree. That claim is properly before this court because it was first raised in Acha's appellate brief before the BIA. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). It is true that Acha has abandoned any possible claim that he is entitled to asylum or withholding of removal because he does not challenge the determination that he lacked credibility. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). But an adverse credibility finding is not determinative of a CAT claim.

To establish entitlement to relief under the CAT, an alien must prove it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA based the denial of Acha's CAT claim solely on the adverse credibility finding. Because Acha "offered non-testimonial evidence that could independently establish his entitlement to CAT relief," his lack of credible testimony does not preclude him from meeting his burden for protection under the CAT. *Arulnanthy v. Garland*, 17 F.4th 586, 598–99 (5th Cir. 2021). Acha's petition for review is GRANTED and these proceedings are REMANDED to the BIA to address Acha's claim for protection under the CAT.