# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2022

Lyle W. Cayce
Clerk

No. 21-60413

Carlos M. Anja,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 327 466

Before Jones, Southwick, and Ho, *Circuit Judges*.
Per Curiam:[*]

Carlos M. Anja petitions this court to review a Board of Immigration Appeals ("BIA" or "Board") order denying his motions to reconsider and reopen. His petition is DENIED.

I

Anja, a Cameroon national, entered the United States at its Mexican border without valid entry documents. The Department of Homeland Security personally served Anja with a notice to appear and charged him as

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien present in the United States without valid entry documents.

At his hearing while appearing pro se, Anja filed for asylum, withholding of removal, and protection under the Convention Against Torture Act ("CAT"). The Immigration Judge ("IJ") gave Anja a deadline for the submission of documents and warned him that an untimely submission may result in the waiver of his right to submit documents for the IJ's consideration. At a subsequent hearing, Anja appeared with counsel and requested a continuance to obtain documents. The IJ granted the request, stating he planned to give Anja "every opportunity to present his best case to this Court." Later, Anja requested another continuance. The IJ, again, granted the request.

Anja did not meet any of the three deadlines to submit the documents relevant here. Instead, he asked to submit two new documents, an arrest warrant and a death certificate, into evidence at his merits hearing, almost four weeks after the final deadline had passed. The IJ granted the government's objection to the documents' admission.

At the hearing, Anja described his alleged mistreatment by the Cameroon government. As his story goes, the Cameroon military twice arrested him. The first time, the military beat him "mercilessly" during detention. Anja says he bribed someone to release him and went to a doctor to treat his injuries with herbs. During his second arrest, the military tied him to wood planks and beat him. A separatist group then ambushed Anja's captors, creating enough of a distraction for Anja to escape to Nigeria.

Anja provided no documents to corroborate the details of his alleged mistreatment in Cameroon. When asked about the untimely documents submitted during the hearing, Anja said an unknown American helped him obtain them, but he did not know how she gained access to the documents.

The IJ denied Anja's applications for asylum and CAT protection. The IJ found Anja not credible because she doubted herbs could heal injuries from the 24 days of severe beatings Anja allegedly endured. The IJ noted that

Anja failed to disclose one of his detentions by the Cameroon military with an asylum officer. The IJ also noted Anja's demeanor "appeared overly rehearsed and the product of rote memorization of his personal statement." The IJ, given the lack of corroborating documents, concluded that there was insufficient evidence for Anja's claim for asylum to succeed and ordered Anja removed.

Anja timely appealed to the BIA. The BIA affirmed the denial of asylum and withholding of removal because the IJ's adverse credibility finding was not clearly erroneous. The BIA affirmed the denial of CAT protection because of lack of corroboration of Anja's story and the adverse credibility determination. The BIA also refused to consider Anja's new evidence submitted on appeal because the IJ must review evidence in the first instance.

Anja moved to reconsider, alleging that the IJ erroneously refused to admit the arrest warrant and death certificate. Anja also moved to reopen, presenting the same two pieces of evidence, in addition to a declaration detailing Anja's cousin's death, as his motion to reconsider. The BIA denied both motions. It denied Anja's motion to reconsider because it presented no legal argument, change of law, or overlooked argument. It also held it was not legal error to decline admission of untimely documents. The BIA denied the motion to reopen because the proffered new evidence would not change the outcome given Anja's poor credibility. This petition followed.

II

Anja timely petitions for review of the BIA's order denying his motions to reopen and reconsider the earlier BIA order denying asylum and CAT protection.[1] This court has jurisdiction under 8 U.S.C. § 1252(a)(1). "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board[,]" and "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."

---

[1] Anja petitions this court to review only the BIA order denying his motions to reopen and reconsider. To the extent that Anja challenges the underlying BIA merits decision, this court does not have jurisdiction without a separate petition for review. *See Stone v. I.N.S.*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995).

8 C.F.R. § 1003.2(a).  Accordingly, this court reviews the BIA's decision for abuse of discretion, which occurs if the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

## A

Anja's motion to reconsider must "specify the errors of law or fact in the previous order and ... be supported by pertinent authority." § 1229a(c)(6)(C).  The BIA should deny a motion to reconsider if it fails to "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008) (quoting *Zhao*, 404 F.3d at 301).

In his petition, Anja alleges the BIA erred when it denied reconsideration of the BIA's order upholding the IJ's refusal to admit untimely evidence.  The BIA did not err.  After the IJ granted two continuances, Anja had three separate deadlines to furnish evidence.  Anja failed to meet each of those deadlines.  When Anja furnished two documents during his hearing, past his second continuance's deadline, the IJ acted well within its discretion to exclude the untimely documents.  *See* 8 C.F.R. § 1003.31(c) ("[The IJ] may set and extend time limits for the filing of applications and related documents.").  Thus, the BIA did not abuse its discretion denying reconsideration of its prior order upholding the IJ's refusal to admit documents past the deadlines it could set.

## B

Anja's motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).  The BIA cannot grant motions to reopen unless "the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Material evidence is "evidence . . . likely to change the result of the alien's underlying claim for

relief." *Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019). "The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Anja alleges in his petition that the BIA erred by refusing to reopen proceedings in the face of three pieces of evidence that Anja says are material to his asylum and CAT claims: a declaration by a neighbor detailing Anja's cousin's death by the Cameroon military, the cousin's death certificate, and a warrant for Anja's arrest.[2] The BIA order said that this "newly proffered evidence would be unlikely to change the result" in Anja's case because of the "serious discrepancies" in the IJ's credibility finding.

The BIA did not abuse its discretion in denying the motion to reopen. The IJ found Anja not credible because she doubted herbs could heal injuries from 24 days of severe beatings, Anja failed to discuss one of his detentions with an asylum officer, and Anja's demeanor appeared overly rehearsed. Each piece of new evidence was tangential to the IJ's credibility finding. Thus, the new evidence does not disturb the previous adverse credibility determination and only tries to bolster the claim already found not credible. The BIA was thus rational to think that the new information was immaterial to Anja's credibility determination. And it was not irrational for the BIA to view two documents related to Anja's cousin's death and an arrest warrant with unknown origins as immaterial when considered against the gravity of the adverse credibility finding.

*    *    *

Accordingly, the petition for review is DENIED.

---

[2] The latter two pieces of evidence are not new: they are the same pieces of evidence untimely submitted to the IJ in the previous proceeding. Thus, under 8 C.F.R. § 1003.2(c)(1), two of the three pieces of evidence cannot be admitted even if they were material. The BIA, however, did not address this in its order.