# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60478
Summary Calendar

———————

Maria De Lourdes Sanchez Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 961 767

————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Maria De Lourdes Sanchez Garcia, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of asylum and withholding of removal.[1] We review

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The BIA's decision also involved the denial of Sanchez Garcia's applications for cancellation of removal or for protection under the Convention Against Torture, but she does not contest those claims here.

the BIA's decision and consider the decision of the immigration judge (IJ) only to the extent it influenced the BIA. *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019).

While Sanchez Garcia lists the question of nexus in her statement of issues, she does not adequately brief any argument in the body of her brief challenging the BIA's determination that she failed to demonstrate the requisite nexus for asylum and withholding of removal. She has thus waived the issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

The Government asserts that partial remand might be warranted because the BIA did not explicitly address Sanchez Garcia's claims concerning one of her alleged persecutors. Partial remand is not warranted, as Sanchez Garcia has failed to adequately brief any argument that past or future persecution, by any of the alleged persecutors, was or will be on account of a protected ground. Her failure on the issue of nexus is dispositive for asylum and withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

In any event, there is no realistic possibility that the BIA would have concluded that she was eligible for asylum or withholding of removal, regardless of her claims concerning the alleged persecutor in question. *See Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019). As the IJ determined, her proposed particular social group of single mothers from Mexico under threats from multiple parties is not cognizable because it is impermissibly defined in a circular manner, as it is defined by reference to the alleged harm. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Matter of W-G-R-*, 26 I.&N. Dec. 208, 215 (BIA 2014). Sanchez Garcia does not address political opinion as a protected ground, and she has failed to demonstrate a protected ground for her claims concerning any of the alleged persecutors.

The petition for review is DENIED.