# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60571
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2024

Lyle W. Cayce
Clerk

Merli Garcia Ramos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 747 954

———————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Merli Garcia Ramos, a native and citizen of El Salvador, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id*. at 517; *see also Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006) (setting forth substantial evidence standard). The BIA's factual determinations that an individual is not eligible for asylum, withholding of removal, or protection under the CAT are reviewed under the substantial evidence standard. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023); *Chen*, 470 F.3d at 1134.

As relevant here, to be eligible for asylum, Garcia Ramos was required to show that membership in a cognizable particular social group (PSG) was or would be at least one central reason for persecuting him. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). To be eligible for withholding of removal, he was required to show that he more likely than not would be persecuted on account of his membership in the PSG. *See id.* An applicant's failure to demonstrate persecution based on a protective ground, including membership in a cognizable PSG, is dispositive for asylum and withholding of removal claims. *See id.*

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that he would be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1); *see Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Thus, the applicant must show both that (1) he more likely than not would suffer torture and (2) sufficient state action would be involved in that torture. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

No. 23-60571

Garcia Ramos fails to acknowledge, much less challenge, the BIA's determination that he waived review of the IJ's finding that his gang-based PSGs were not cognizable, given his failure to adequately address the issue in his brief to the BIA. He also does not address the BIA's finding that his PSG comprised of witnesses to gang crime in El Salvador was not cognizable. Accordingly, he has waived in this court any arguments that the BIA's waiver determination and cognizability finding, which were dispositive as to his asylum and withholding of removal claims, were erroneous. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (recognizing that petitioners waive issues that they do not brief); *see also Gonzales-Veliz*, 938 F.3d at 224. We do not address Garcia Ramos's remaining arguments regarding these forms of relief. *See Munoz-De Zelaya*, 80 F.4th at 693-94; *Jaco v. Garland*, 24 F.4th 395, 401-02 (5th Cir. 2021).

Garcia Ramos's threadbare argument regarding his entitlement to CAT relief is conclusory and devoid of references to relevant record evidence or legal authority as to torture. *See* Fed. R. App. P. 28(a)(8)(A) (setting forth briefing requirements). Accordingly, he has also abandoned his challenge to the BIA's denial of protection under the CAT. *See Chambers*, 520 F.3d at 448 n.1; *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (holding that party inadequately briefs issue when he merely alludes to it and fails to press it).

The petition for review is therefore DENIED.