# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2021

Lyle W. Cayce
Clerk

No. 19-60568
Summary Calendar

---

MARGARITA ANCELA MIRANDA-VALENTIN; BRENER JAFET
MELENDES-MIRANDA,

*Petitioners*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 146 938
BIA No. A202 146 939

---

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Margarita Ancela Miranda-Valentin and her son, Brener Jafet
Melendes-Miranda, are natives and citizens of Honduras who petition for
review of the decision of the Board of Immigration Appeals (BIA) affirming

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and dismissing their appeal.

The petitioners argue that the record contains substantial evidence of their well-founded fear of persecution based on their Garifuna race. They specifically point to the murder of their family members and Miranda-Valentin's partner who were Garifuna. Miranda-Valentin's testimony, according to the petitioners, established her fear of returning because the individuals who murdered her family members and partner may think she is trying to take land back that gangs and drug traffickers stole. The petitioners further argue that a gang's efforts to recruit Melendes-Miranda under threat of death, based on his Garifuna status, further contributed to their fear of persecution. Regarding whether Miranda-Valentin could relocate in Honduras, the petitioners emphasize her testimony that "there's no safe place over there anymore." Finally, the petitioners argue that the hardship Garifuna in Honduras face is "critical" according to the U.S. State Department's Human Rights Report.

This court reviews only the BIA's decision, "unless the IJ's decision has some impact on" that decision, as it did here. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011) (quoting *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007)). The BIA's determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (first citing *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005); and then citing *Zamora-Morel v. I.N.S.*, 905 F.2d 833, 838 (5th Cir. 1990)). Under that standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. *Id.* (citing *Zhao*, 404 F.3d at 306). Because the petitioners do not

No. 19-60568

raise any arguments as to their request for relief under CAT, they have abandoned any argument as to that issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (citing *Cal. Gas Transp., Inc. v. N.L.R.B.*, 507 F.3d 847, 852 n.3 (5th Cir. 2007)).

Although the BIA adopted and affirmed the IJ's decision—which denied the asylum application as untimely and alternatively on the merits— the BIA's decision did not expressly address timeliness. Instead, the BIA dismissed the appeal of the denial of the asylum application on the merits. Thus, we will review the merits. *Cf. Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2004) (remanding when it was unclear whether the BIA affirmed the IJ's decision on a reviewable basis).

Substantial evidence supports the agency's determination that neither of the petitioners suffered harm that rose to the level of persecution. *See Chen*, 470 F.3d at 1134. Miranda-Valentin claims no past harm to herself, and the purported past persecution of her family members and partner cannot be imputed to her. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Melendes-Miranda suffered threats by gang members, but threats without physical harm are generally insufficient to establish past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 114, 116-17 (5th Cir. 2006).

Substantial evidence also supports the agency's decision that the petitioners failed to establish a well-founded fear of persecution because internal relocation was reasonable for them. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (2021). The evidence presented by the petitioners is that they both lived, without incident, in cities several hours away from where their family members were murdered. Furthermore, the petitioners have several family members, who are also Garifuna, currently living in Honduras without facing harm. Finally, the record indicates that the gangs and drug traffickers who murdered the petitioners' family members did so because of land disputes as

opposed to the victims' Garifuna race. Thus, the petitioners cannot establish that they are entitled to asylum. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) ("To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." (quoting *Zhao*, 404 F.3d at 307)).

Because the petitioners have not shown that they are eligible for asylum, they cannot meet the higher standard to show that they are eligible for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Therefore, Miranda-Valentin and Melendes-Miranda's petition for review is DENIED.