# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2021

Lyle W. Cayce
Clerk

No. 20-60973
Summary Calendar

RUTH NOEMI GUZMAN-FUENTES; BRIDGETT AZENETH
GUTIERREZ-GUZMAN,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 293 597
BIA No. A209 293 598

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Ruth Noemi Guzman-Fuentes and her minor child, Bridgett Azeneth Gutierrez-Guzman, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals (BIA) decision dismissing their appeal

---

*Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60973

from a decision by an immigration judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  In her application, which listed Gutierrez-Guzman as a derivative beneficiary, Guzman-Fuentes argued that a police officer murdered six members of her husband's family and that she was afraid to return to El Salvador because she feared she would be targeted due to her membership in a particular social group, namely, the immediate family of Reynario Gutierrez, her husband.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

Several of the Petitioners' claims are abandoned or unreviewable. First, the Petitioners have abandoned any challenge to the denial of their withholding of removal and CAT claims by failing to brief them.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  Further, because the BIA based its decision on Guzman-Fuentes's failure to demonstrate a nexus between the feared persecution and her membership in the particular social group of her husband's family, the Petitioners' arguments that Guzman-Fuentes demonstrated a subjective fear of persecution that was objectively reasonable and that relocation would be unreasonable are not before the court. *See Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981).

The Petitioners argue that the BIA and IJ were required to determine whether Guzman-Fuentes established a well-founded fear of future

persecution by considering whether she demonstrated a subjective fear of persecution that was objectively reasonable. However, the BIA was permitted to deny her claim based on the finding that she did not demonstrate the requisite nexus. *See, e.g.*, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349-50 (5th Cir. 2006); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the Petitioners largely fail to address the BIA's nexus finding, this issue is likewise abandoned. *See Chambers*, 520 F.3d at 448 n.1.

Even if the issue is not abandoned, substantial evidence supports the BIA's finding that Guzman-Fuentes failed to demonstrate a nexus between the feared persecution and her membership in the particular social group of her husband's family. *See Martinez-Lopez*, 943 F.3d at 769; *see also* 8 U.S.C. § 1158(b)(1)(B)(i); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Guzman-Fuentes testified that she did not know the officer's motive for targeting members of her husband's family. Further, she believed at least two of the murdered family members were affiliated with gangs and that the officer was involved with a group of police officers who targeted gang members. She also stated that she believed two of the family members were targeted because they sought information about the deaths of their loved ones. While Guzman-Fuentes produced some evidence to indicate that the police officer was involved in murdering her husband's family members, the record contains no evidence demonstrating that the officer harbored an animus toward the family. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir. 2006).

Given the foregoing, the petition for review is DENIED.