# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2021

Lyle W. Cayce
Clerk

No. 20-60670
Summary Calendar

Juan Carlos Ayala-Ramos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 867 654

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Juan Carlos Ayala-Ramos, a native and citizen of El Salvador, petitions for review of an immigration judge's decision affirming an asylum officer's determination that he lacked a reasonable fear of persecution. Ayala-Ramos also asserts that his due process rights were violated and that, despite being

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

previously ordered removed, he is eligible for asylum. Because he does not challenge the determination that he failed to demonstrate that he was more likely than not to be tortured upon his return to El Salvador, that claim has been abandoned. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

To establish a reasonable fear of persecution, an alien must "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 1208.31(c).[1] To demonstrate persecution, the applicant must establish that one of the five statutorily protected grounds was "at least one central reason" for the harm that he experienced. *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Although Ayala-Ramos argues that he was persecuted on account of a friend's political activity and because he investigated a friend's murder by MS-13, he has failed to articulate any actual or imputed political opinion. Because the record does not compel the conclusion that he was targeted on account of a protected basis, substantial evidence supports the determination that he failed to establish a reasonable fear of persecution.

Ayala-Ramos also argues that his due process rights were violated. To prevail on a due process claim, "an alien must make an initial showing of substantial prejudice by making 'a prima facie showing that the alleged violation affected the outcome of the proceeding.'" *Arteaga-Ramirez v. Barr*,

---

[1] "Although the Government argues that this court should apply a 'facially legitimate and bona fide reason' standard rather than the substantial evidence standard in evaluating an immigration judge's reasonable fear determination, it is not necessary to determine the appropriate standard of review at this time because [Ayala-Ramos's] claim fails even under the less deferential substantial evidence test." *Carbajal-Betanco v. Barr*, 830 F. App'x 452, 453 n.1 (5th Cir. 2020).

No. 20-60670

954 F.3d 812, 813 (5th Cir. 2020) (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)).  While he claims that the immigration judge did not allow him adequate time to submit evidence and prevented him from submitting evidence, he is unable to demonstrate that he was actually prejudiced because he has failed to indicate how the additional evidence he says he would have presented could lead to a different result.  *See Arteaga-Ramirez*, 954 F.3d at 813.  Moreover, the record reflects that he was provided an opportunity to testify in support of his claim and that the immigration judge accepted his evidence, treated his testimony as credible, and considered the raised issues before affirming the decision of the asylum officer.  Because the record reflects that Ayala-Ramos received a notice of his charges, a hearing, and a fair opportunity to be heard, he failed to demonstrate that his due process rights were violated.  *See Okpala*, 908 F.3d at 971.

Finally, despite his assertions to the contrary, Ayala-Ramos is ineligible for asylum because he is subject to the reinstatement of a previous order of removal.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 491 (5th Cir. 2015).

For the foregoing reasons, the petition for review is DENIED.