# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 20-61203
Summary Calendar

Jerson Obdulio Cruz Ventura,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 205 001 748

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:\*

Jerson Cruz Ventura, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial by an Immigration Judge (I.J.) of his application for cancellation of removal. Cruz Ventura contends that he demonstrated

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that his removal would cause exceptional and extremely unusual hardship to his children.  Because he does not challenge the BIA's denial of his motion for a remand to consider new evidence, he has abandoned any challenge to that determination.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the BIA's decision and consider the I.J.'s decision only to the extent that it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence, legal determinations *de novo*.  *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for ten years or more before filing an application; who can establish good moral character during that time; who have no disqualifying convictions; and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed.  8 U.S.C. § 1229b(b)(1).  Despite Cruz Ventura's assertions to the contrary, the consequences facing his children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."  *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)).  Substantial evidence supports the determination that Cruz Ventura was ineligible for cancellation of removal.  *See id.* at 774.

Accordingly, the petition for review is DENIED.  The government's motion to dismiss is also DENIED.