# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2022

Lyle W. Cayce
Clerk

No. 21-60165
Summary Calendar

───────────

Amdiya Adamou,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 713 072

───────────

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Amdiya Amadou, a native and citizen of Niger, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) concluding that she was ineligible for asylum, withholding of removal, and relief under the

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60165

Convention Against Torture (CAT).  She challenges the BIA's conclusion that she has not shown eligibility for asylum because she failed to show that she suffered past persecution or has a well-founded, objective fear of future persecution because of her sexual orientation as a lesbian.

We review the BIA's decision and the IJ's decision to the extent it influenced the BIA.  *See Okpala v. Whitaker*, 908 F.3d 965, 968-69 (5th Cir. 2018).  We ask only whether the BIA's decision is supported by substantial evidence and not based on an error of law.  *See id.*; *Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).

We need not address Adamou's assertion that she belongs to a particular social group because the IJ assumed that she did but based the decision on the lack of a showing of past or likely future persecution.  Adamou's conclusional assertions do not show that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed past persecution.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *see also Eduard v. Ashcroft*, 379 F.3d 182, 187-88 n.4 (5th Cir. 2004).

By asserting that her sexual "behavior is institutionally criminalized under Sharia law" Amadou invites this court to conflate Sharia law with the law of Niger.  However, she did not submit to the IJ any documents about Sharia law, let alone Sharia law in Niger.  Moreover, there was objective evidence that, while homophobia and anti-gay discrimination are prevalent in Niger, the law of Niger does not criminalize sexual activity between adults of the same sex, and Adamou admitted that she did not seek help from governmental authorities after she was beaten by her then-partner's father.  The record thus fails to compel a conclusion contrary to the BIA's that she has not shown that the government of Niger is unable or unwilling to help her.

No. 21-60165

Because Adamou does not show the requisite likelihood of persecution to establish eligibility for asylum, she cannot make the more difficult showing of eligibility for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).   We lack jurisdiction to review her unexhausted CAT claim. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *see also Martinez-Guevara v. Garland*, 27 F. 4th 353, 360 (5th Cir. 2022).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.