# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60292
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

NERY EMERITA ELVIR-LOPEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 759 970

———————————————————

Before DENNIS, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Nery Emerita Elvir-Lopez, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision and consider the immigration judge's decision only to the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, a petitioner must show "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

In 2014, Elvir-Lopez started a business in Honduras that provided salon services and sold cellphone merchandise, including cellphone chips that enabled cellular service. Soon after, a gang leader demanded that she pay a weekly monetary fee. When Elvir-Lopez stated she could not afford the fee, the gang leader instead demanded free cellphone chips for the gang members and free salon services for their wives. In August 2015, after Elvir-Lopez learned the gang was using the chips she provided to extort other business owners, she refused to provide more chips. In response, the gang members stated she would have to pay the weekly fee like other businesses like hers in the area or else they would kill her and her son, which they had done to others who would not pay. After paying the fee for about five weeks, Elvir-Lopez could no longer afford it, and she fled with her son to the United States.

To be eligible for asylum, Elvir-Lopez must show that a protected ground was "one central reason" for her persecution. *Vasquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021) (quoting *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016)). The same is true for withholding of removal. *Id.* at 271 (quoting *Quinteros-Hernandez v. Sessions*, 740 F. App'x 57, 58 (5th Cir. 2018)). Elvir-Lopez contends that she was persecuted by a gang on account of her anti-gang political opinion, a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). However, substantial evidence supports the BIA's determination that the gang's motivation for targeting Elvir-Lopez was extortion and criminality and that her actual or imputed political opinion was not a central reason for the gang's

actions. The gang's targeting of Elvir-Lopez began when she had just started her business and preceded her refusal to continue supplying the gang with cellphone chips. Furthermore, her testimony indicated that the gang's monetary extortion and threats after she stopped supplying the cellphone chips were consistent with the gang's ongoing mistreatment of other nearby businesses, not just hers. She has not shown that the evidence compels the conclusion that her actual or imputed political opinion was or will be a central reason for the gang's actions against her. *See Shaikh*, 588 F.3d at 864 (upholding finding of lack of nexus where alien testified that alleged persecutor demanded money from all business people in the neighborhood and was violent with anyone who refused to pay, regardless of their religious affiliation); *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019) (upholding finding of lack of nexus to political opinion where gang continued to get SIM cards from store even after alien left for the United States); *see also Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023) (recognizing that conduct motivated by criminal intentions does not constitute persecution on account of a protected ground); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352-53 (5th Cir. 2002) (holding that requisite nexus was not shown where persecutors' motive was economic gain rather than broader political struggle).

Elvir-Lopez also contends the BIA failed to consider the issue of imputed political opinion. But the record reflects the BIA considered the issue and determined that Elvir-Lopez failed to show the requisite nexus even assuming that the gang attributed a political opinion to her. Because Elvir-Lopez has failed to demonstrate eligibility for asylum, she has also failed to satisfy her burden for withholding of removal. *See Martinez-De Umana*, 82 F.4th at 312-13.

For protection under the CAT, Elvir-Lopez was required to show both that (1) she more likely than not would be tortured in Honduras and

No. 23-60292

(2) sufficient state action would be involved in that torture. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). The BIA found both requirements lacking. On appeal, Elvir-Lopez contends that the country reports she submitted showed that the Honduran government acquiesced to torture committed by gangs. We need not reach that argument because she does not brief, and has thus forfeited, any argument challenging the BIA's additional, dispositive conclusion that she failed to show the requisite likelihood of her suffering torture in Honduras. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

The petition for review is DENIED.