# `United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60461
Summary Calendar

———————

Dunia Esther Maradiaga-Palma; Jessy Nicolle Amaya-Maradiaga,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A213 138 770,
A213 138 771

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:*

Dunia Esther Maradiaga-Palma and Jessy Nicolle Amaya-Maradiaga, natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") decision to uphold the denial of asylum,

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

withholding of removal, and protection under the Convention Against Torture ("CAT"). Jessy Amaya-Maradiaga is Maradiaga-Palma's daughter and was a derivative beneficiary on Maradiaga-Palma's asylum application.

We generally review only the BIA's final decision, but we also consider the immigration judge's decision to the extent it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, the petitioner has the burden of showing "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015) (citation omitted).

To be eligible for asylum, an applicant must show, among other things, "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). While "a statutorily protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (quotation marks and citation omitted). An applicant's failure to demonstrate this nexus is dispositive for asylum and withholding of removal. *See id.*

Substantial evidence supports the BIA's determination that the petitioners failed to demonstrate the requisite nexus for asylum and withholding of removal. The petitioners maintain that they were targeted on account of Maradiaga-Palma's actual or imputed political opinion or her

membership in the proposed particular social groups.  The evidence, however, does not compel a conclusion contrary to the BIA's determination that the gang members' motivations instead were illicit financial gain and recruitment of individuals to further their criminal enterprise.  Economic extortion does not constitute persecution on account of a protected ground. *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Ramirez-Mejia*, 794 F.3d at 493.  Additionally, "[t]hreats or attacks motivated by criminal intentions do not provide a basis for protection."  *Vazquez-Guerra*, 7 F.4th at 270.  Because the issue of nexus is dispositive here, we do not reach the petitioners' additional arguments concerning asylum and withholding of removal.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

To obtain protection under the CAT, the applicant must show both that (1) she more likely than not would suffer torture in the country of removal and (2) sufficient state action would be involved in that torture. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006).  The petitioners do not brief any argument disputing the BIA's determination that the requisite involvement of state action was not shown for CAT protection. Accordingly, they have waived the issue and fail to show that the denial of protection under the CAT was erroneous.  *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

The petition for review is DENIED.