# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60502
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2024

Lyle W. Cayce
Clerk

Rosa Del Carmen Guerrero Castillo; Oroncio Gutierrez Guerrero; Tadeo Manuel Gutierrez Guerrero; Oracio Juventino Gutierrez Guerrero,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review from an Order of the
Board of Immigration Appeals
Agency Nos. A098 499 688,
A215 817 300, A215 817 301,
A215 817 302

————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Rosa Del Carmen Guerrero Castillo, her husband, and their minor children are natives and citizens of Mexico. They petition for review of the

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60502

Board of Immigration Appeals' (BIA) dismissal of their appeal from an immigration judge's (IJ) denial of: asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (Although Guerrero and her husband both filed applications for asylum and both listed their children as derivatives, Guerrero was designated lead applicant by the IJ and BIA.)

Our court reviews the BIA's decision and consider the IJ's ruling only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Review of legal conclusions is *de novo*. *E.g.*, *id.* Findings of fact, including an applicant's ineligibility for asylum, withholding of removal, and CAT relief, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (emphasis in original) (citation omitted).

To establish eligibility for asylum, Guerrero was required to show, *inter alia*, membership in her proposed particular social group (PSG) was or would be "at least one central reason for persecuting" her. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). The BIA found Guerrero did not show she would be targeted because of her membership in the proposed PSGs of "avocado grower or growers in Mexico" and "landowners in Mexico". The IJ and BIA found neither Guerrero nor her husband owns land in Mexico. The BIA refused to consider whether she was persecuted on account of *imputed* land ownership because she did not present that contention to the IJ.

Guerrero does not challenge the BIA's refusal to consider the contention. She asserts only that she established the requisite nexus between the persecution and her imputed landowner status. Guerrero has therefore

No. 23-60502

forfeited any challenge to the cognizability of her imputed land ownership, which is dispositive of her asylum claim. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (explaining unbriefed issues are abandoned); *Gonzales-Veliz*, 938 F.3d at 224 (outlining required asylum showing).

Because Guerrero fails to demonstrate her eligibility for asylum, she also fails to satisfy her higher burden for withholding of removal. *See, e.g.*, *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) ("[O]ne who fails to show entitlement to asylum fails to show entitlement to withholding of removal".).

For CAT relief, Guerrero must show she, more likely than not, would be tortured with governmental acquiescence if repatriated. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The BIA found, *inter alia*, that Guerrero did not show the Mexican government acquiesced to her kidnapping and assault. Guerrero does not present the requisite evidence compelling a contrary conclusion. *See Chen*, 470 F.3d at 1134 (outlining substantial-evidence standard); *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009) (explaining, when considering issue under substantial-evidence standard, "[w]hile we might have viewed the evidence differently, we cannot say that no reasonable factfinder could come to the same conclusion as the IJ"); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country evidence tells us little about the likelihood state actors will torture any particular person, including [the petitioner].").

DENIED.