# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60358
Summary Calendar

————————

Carmen Roselina Sarmiento-Licona,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2025

Lyle W. Cayce
Clerk

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 709 910

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Carmen Roselina Sarmiento-Licona, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA affirmed the IJ's denial of each claim, concluding the IJ's adverse-

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

credibility determination was not clearly erroneous. In the alternative, the BIA affirmed the denial of each claim on the merits.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Additionally, credibility determinations are reviewed under the substantial-evidence standard. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

The BIA affirmed the IJ's adverse-credibility determination based on numerous inconsistencies in the record, which Sarmiento challenges by contending she gave plausible explanations for the inconsistencies. The BIA, however, is not bound to accept her explanations for them. *E.g.*, *Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021). Additionally, the BIA's upholding the adverse-credibility determination is grounded in "specific and cogent reasons derived from the record", *Avelar-Oliva*, 954 F.3d at 764 (citation omitted), and Sarmiento has provided no evidence *compelling* a contrary conclusion. *E.g.*, *Revencu*, 895 F.3d at 401. Accordingly, she has not met the substantial-evidence standard; and, therefore, the adverse-credibility determination suffices to deny her asylum and withholding-of-removal claims. *E.g.*, *Arulnathy*, 17 F.4th at 597 (adverse-credibility determination forecloses asylum application); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("failure to establish eligibility for asylum is dispositive of claims for withholding of removal").

No. 24-60358

To the extent Sarmiento raises merits-based challenges to the BIA's dismissing her asylum and withholding-of-removal claims, she does not brief, and therefore abandons, any challenge to the BIA's dispositive conclusion that she failed to establish the requisite action by the Honduran government. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 406–07 (5th Cir. 2021) (showing government "unable or unwilling to control" alleged persecutor is essential element of asylum and withholding-of-removal claims); *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (unbriefed issues are waived). And because the BIA's conclusion regarding the requisite-government-action showing is dispositive of Sarmiento's asylum and withholding-of-removal claims, *e.g.*, *Jaco*, 24 F.4th at 406–07, we need not consider her remaining merits-based contentions regarding them. *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

Regarding the challenges to the BIA's denial of CAT protection, "[a]n alien must show (1) it more likely than not that [she] will be tortured upon return to [her] homeland; and (2) sufficient state action involved in that torture". *Tabora Gutierrez v. Garland*, 12 F.4th 496, 503 (5th Cir. 2021) (citation omitted). Sarmiento fails to do so.

Apart from her noncredible testimony, the generalized country-conditions evidence she provides is insufficient to establish eligibility for CAT protection. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country evidence tells us little about the likelihood state actors will torture any particular person[.]"); *see also Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) ("[P]otential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence[.]"). Moreover, even if steps taken by the

3

No. 24-60358

Honduran government have not been effective in eradicating gang violence, "a government's inability to protect its citizens does not amount to acquiescence". *Qorane*, 919 F.3d at 911.

DENIED.